Filed 3/15/16  P. v. Keomanivong CA3

## <u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C079844 |
| Plaintiff and Respondent, | (Super. Ct. No. SF085137C) |
| v. | |
| KHAMMAY KEOMANIVONG, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Khammay Keomanivong has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979)

---

[1]  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

1

25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

The facts of the underlying offenses are contained in our opinion in *People v. Hong Dang Le et al.*, case No. C045690, filed October 16, 2006.  However, these facts are immaterial to the instant appeal.

On March 29, 2007, following the appeal in case No. C045690, the trial court resentenced defendant to life without the possibility of parole for first degree murder and six consecutive sentences of life with the possibility of parole for six counts of attempted murder.  The trial court also sentenced defendant on various armed and gang enhancements.  Additionally, the trial court ordered defendant to pay a restitution fine of $10,000 pursuant to Penal Code section 1202.4, subdivision (b), and pay jointly and severally $17,992.78 in direct victim restitution pursuant to Penal Code section 1202.4, subdivision (f).

On January 30, 2009, defendant filed a petition for writ of habeas corpus alleging that the trial court erred in imposing the $10,000 restitution fine.  On February 27, 2009, the trial court denied the petition, finding the matter had been litigated on direct appeal.

On June 15, 2015, defendant filed a motion for modification of his sentence.  Specifically, he sought reduction of both his $10,000 restitution fine and the award of $17,992.78 in direct restitution to the victim.  On June 26, 2015, the trial court denied the motion.

Defendant appeals the denial of his motion for modification of his sentence.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment (order) is affirmed.

                                      HULL                , J.

We concur:

        BLEASE         , Acting P. J.

        MURRAY        , J.